UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YU CHU HOM and YONG LONG CHEN,

                              Plaintiffs,

    —against—

BRIAN GOLDBECK,[1] Consul General,
U.S. Consulate General, Consular Section,
Guangzhou, P.R. China; HILLARY
RODHAM CLINTON,[2] Secretary of State
of the United States; ALEJANDRO
MAYORKAS,[3] Director, U.S. Citizenship
and Immigration Services; ERIC HOLDER,[4]
Attorney General of the United States;
JANET NAPOLITANO,[5] Secretary,
Department of Homeland Security,

                              Defendants.[6]
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

08-CV-3159 (SLT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 28 2010 ★

BROOKLYN OFFICE

**TOWNES, United States District Judge:**

    Plaintiffs, Yu Chu Hom ("Hom"), a naturalized United States citizen, and her brother, Yong Long Chen, ("Chen"), a citizen of the People's Republic of China, bring suit against numerous federal officials in their official capacities (collectively, "Defendants" or "the Government"), seeking a writ of mandamus compelling the Government to declare the denial of

---

[1] Brian Goldbeck, is substituted for his predecessor, Robert Goldberg, as Consul General of the U.S. Consulate General, Consular Section, Guangzhou, P.R. China, pursuant to Fed. R. App. P. 43(c)(2).

[2] Hillary Rodham Clinton, is substituted for her predecessor, Condoleeza Rice, as Secretary of State, pursuant to Fed. R. App. P. 43(c)(2).

[3] Alejandro Mayorkas, is substituted for his predecessor, Jonathan Scharfen, as Director of U.S. Citizenship and Immigration Services, pursuant to Fed. R. App. P. 43(c)(2).

[4] Eric H. Holder, Jr., is substituted for his predecessor, Michael Mukasey, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

[5] Janet Napolitano, is substituted for her predecessor, Michael Chertoff, Secretary of the Department of Homeland Security, pursuant to Fed. R. App. P. 43(c)(2).

[6] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this opinion.

1

Chen's immigration visa application erroneous and to reconsider Chen's visa application. Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs contend that subject matter jurisdiction stems from the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, and the Due Process Clause of the Constitution. For the reasons set forth below, Defendants' motion to dismiss is granted.

## BACKGROUND

The following facts are taken from Plaintiffs' complaint and attached exhibits. Hom filed an I-130 Immigrant Petition for Alien Relative on February 9, 1990 for her brother, Chen, and the petition was approved by the former Immigration and Naturalization Service ("INS")[7] on March 15, 1990. Compl. at ¶ 7, 13. Subsequently, Hom filed a Form DS-230, Application for Immigrant Visa, on behalf of her brother, Chen, his wife and their three children. *Id.* at ¶ 14. Hom and her husband asked Randy Ng, a travel agent in the United States, to assist them in completing the DS-230 Form and a Form I-864, Affidavit of Support, because of their limited comprehension of the English language. *Id.* at ¶ 15. The purpose of a Form I-864 Affidavit of Support is to show that the immigrant will not become a public charge by demonstrating a sponsor has the financial means to support the incoming immigrant. *See* 8 U.S.C. § 1182(a)(4). Ng informed the Homs that they would need a joint sponsor because the Homs did not meet the Federal poverty guidelines and referred them to an immigration agent, Hui Zhen Wang. Compl. at ¶ 15. Wang prepared the paper work and arranged for a joint sponsor, Ms. Wai Man Yun. *Id.*

---

[7] The INS ceased to exist in 2003. Pursuant to the Homeland Security Act of 2002, the enforcement functions of the INS were transferred to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.

2

Wang gave Ng the paperwork, who in turn, provided it to the Homs for filing to the National Visa Center. *Id.* Plaintiffs state they were unaware Wang provided any false information on the joint sponsor affidavit. *Id.*

Chen was issued an immigrant visa interview notice with a request to bring the most recent tax return of Yun, his joint sponsor. *Id.* at ¶ 16. Ng, on behalf of the Homs, approached Wang and requested Yun's most recent tax return, which Wang provided. *Id.* Chen and his family attended the interview with the tax return provided by Wang. *Id.* On August 25, 2003, the U.S. Consulate General Guangzhou ("Guangzhou Consulate") issued a notice to Chen, requesting an IRS Form 8821, signed by the joint sponsor, Yun, for the joint sponsor's paychecks for the last six months and a notarized statement from Yun's employer's CPA verifying that she was paid the wages claimed on her W-2 form. *Id.* Again, Ng approached Wang and requested the aforementioned documents, but Wang failed to provide them. *Id.* at ¶ 16-17. Wang instead provided a new joint sponsor, Eric Young Chen. *Id.* at ¶ 17. On September 29, 2003, the Guangzhou Consulate issued a notice to Plaintiff Chen, requesting his new joint sponsor, Eric Young Chen, complete, sign, and return an IRS Form 8821. *Id.* at ¶ 18. The Homs asked Wang for Eric Young Chen's income tax returns for the last three years but Wang was unable to provide them. *Id.*

Hom then had a relative, Eva Gee, complete a third I-864, Affidavit of Support, that satisfied the poverty guidelines and provided truthful information. *Id.* at ¶ 19. However, Hom later learned the Guangzhou Consulate did not receive the documents. *Id.* On July 14, 2004 and October 26, 2004, the Guangzhou Consulate denied Plaintiffs' application because Chen was found ineligible under the Immigration and Nationality Act ("INA") for fraud and misrepresentation. *Id.* at ¶ 20. On January 29, 2005, the Guangzhou Consulate notified Chen

that he was permanently ineligible under § 212(a)(6)(C)(i) of the INA for multiple submissions of fraudulent documents associated with the Form I-864, Affidavit of Support. *Id.* at ¶ 21. Hom retained counsel and, on March 24, 2008, petitioned the Guangzhou Consulate to reconsider Chen's immigration visa, alleging he was unaware his application contained fraudulent information. *Id.* at ¶ 22. On April 28, 2008, the Guangzhou Consulate denied Hom's petition and, on August 1, 2008, Plaintiffs commenced the instant action. *Id.* at ¶ 23.

## DISCUSSION

### I. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint but should not, however, draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). In resolving a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings, such as affidavits and other documents. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Subject matter jurisdiction is a threshold issue, and thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first.

*Sherman v. Black*, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). Even a "facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005).

## II. The Doctrine of Consular Non-Reviewability

The Government asserts that the Court is barred from reviewing Plaintiffs' Complaint by the doctrine of consular non-reviewability. Congress has vested United States consulate officers with the exclusive power to issue or deny visas. 8 U.S.C. §§ 1101(a)(9), (16) and 1201(a). The consular non-reviewability doctrine refers to the "principle that a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009) (*"Am. Acad. III"*); *see also Salem v. Mukasey*, No. 09-MC-6002L, 2010 U.S. Dist. LEXIS 9191 (W.D.N.Y. Feb. 3, 2010) (dismissing action seeking mandamus to compel U.S. Department of State to approve a visa for a United States citizen's alien step-child); *Castillo v. Rice*, 581 F. Supp. 2d 468 (S.D.N.Y. 2008) (dismissing complaint seeking mandamus to compel U.S. consulate to schedule an interview so plaintiff could present evidence in support of his visa application); *Wan Shih Hseih v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("It is well settled that the judiciary will not interfere with the visa-issuing process."). The doctrine bars lawsuits by aliens and their U.S. citizen sponsors challenging a consular official's denial of a visa. *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006) (*"Am. Acad. I"*). The reach of the consular non-reviewability doctrine is broad, precluding judicial review of a consular decision, even if its foundation was erroneous, arbitrary, or contrary to agency regulations. *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 466-67 (S.D.N.Y. 2008); *see also Al Makaaseb Gen. Trading Co. v. Christopher*, No. 94 Civ. 1179, 1995 U.S. Dist. LEXIS 3057, at

*5-6 (S.D.N.Y. Mar. 13, 1995). However, "where a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country," a court should conduct a limited review of a consular officer's denial of a visa. *Am. Acad. III*, 573 F.3d at 125.

### A. Chen's Claims

As an unadmitted, overseas alien, the doctrine of consular non-reviewability bars this Court's review of Chen's claims. Plaintiffs argue the Guangzhou Consulate improperly determined Chen had engaged in fraud and misrepresentation and the Consulate did not conduct any investigation to determine whether any misrepresentation or fraud was made knowingly and voluntarily. The Court does not have subject matter jurisdiction to review Chen's claims regarding the Guangzhou Consulate's visa denial. Under the consular non-reviewability doctrine, Chen's claim that he was unaware his applications contained false information is irrelevant. As previously stated, the Court is barred from reviewing consular decisions even if the Guangzhou Consulate's denial was erroneous, arbitrary, or capricious. *See Ngassam*, 590 F. Supp. 2d at 466-67.

Chen's due process claim does not circumvent the doctrine because, "as an unadmitted and nonresident alien, [he] ha[s] no constitutional right of entry to this country as a nonimmigrant or otherwise." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972). The Second Circuit has held a due process claim regarding a visa denial alleged by an alien defendant not legally present in the United States does not raise a viable constitutional claim to overcome the consular non-reviewability doctrine. *See Burrafato v. United States Dep't. of State*, 523 F.2d 554, 555 n.2 & 557 (2d Cir. 1975) (noting courts do not have jurisdiction to review due process claims of overseas, unadmitted alien defendants even if the consulate's decision is unreasonable); *see also Al Makaaseb*, 1995 U.S. Dist. LEXIS 3057, at *4 (stating a "court could

not exercise jurisdiction over [a] claim that [an] alien was denied due process by denial of [a] visa") (citing *Burrafato*, 523 F.2d at 556-57). Accordingly, the Court dismisses Chen's claims for lack of subject matter jurisdiction.

### B. Hom's Claims

Hom, an American citizen, argues that this Court has jurisdiction over this matter because the consular non-reviewability doctrine does not apply to causes of action brought by U.S. citizens raising constitutional claims. Hom invokes *American Academy of Religion I*, where the district court found that the consular non-reviewability doctrine did not apply to an action where plaintiffs, who were American citizens, claimed their First Amendment rights to receive information and ideas were violated by the Government's refusal to grant a scholar's visa application so that he could attend conferences and take a faculty position at an American university. *Id.* at 405-10. The district court held that the consular non-reviewability doctrine did not apply because "the Government [must] justify the exclusion of an alien when the First Amendment rights of American citizens are implicated." *Id.* at 414-18.

Nevertheless, this exception to the non-reviewability doctrine applies "where a visa denial is challenged on First Amendment grounds." *See Am. Acad. III*, 573 F.3d at 125. That is not the situation which exists in this case. Hom claims her due process rights were violated because the Guangzhou Consulate did not conduct an investigation to determine whether Chen engaged in any misrepresentation or fraud knowingly and voluntarily, and she was, therefore, denied the opportunity to have her brother live with her in the United States. The Second Circuit has specifically held the constitutional rights of a citizen's spouse/sponsor are not violated by the denial of the alien's visa application. *Burrafato*, 523 F.2d at 555 (court lacked subject matter jurisdiction to hear plaintiff's due process claim based on denial of her alien husband's visa

7

application). Hom makes no First Amendment claim. Accordingly, Hom's claims are dismissed.

### III. Administrative Procedure Act

Plaintiffs also allege that jurisdiction arises under the APA. The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "The APA itself provides that it does not apply where an 'agency action is committed to agency discretion by law.'" *Castillo*, 581 F. Supp. 2d at 474 (quoting 5 U.S.C. § 701(a)(2)). Although the INA does not expressly remove the decision to issue or withhold visas from court review, it provides for the exercise of significant discretion by the consular officer. *See* 8 U.S.C. § 1201(a)(1) (providing that the consular officer may issue a visa) and (g) (providing that the consular officer shall not issue a visa if it appears to him that the alien is ineligible). Courts have repeatedly found that the APA does not provide an end-run around the consular non-reviewability doctrine. *See Castillo*, 581 F. Supp. 2d at 475-76; *Hossain v. Rice*, No. 07-CV-2857, 2008 U.S. Dist. LEXIS 63440, at *7-9 (E.D.N.Y. Aug. 16, 2008) (collecting cases).

## CONCLUSION

Based on the foregoing reasons, the Court finds it does not have subject matter jurisdiction over Plaintiffs' petition and, therefore, Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) is hereby granted. The Clerk of Court is directed to close the docket in this case.

**SO ORDERED.**

s/Sandra L. Townes<br>
SANDRA L. TOWNES<br>
United States District Judge

Dated: May 27, 2010
Brooklyn, New York